REGAN, Judge.
The plaintiff, Peter Vicari, as the last holder and owner of four due and unpaid promissory notes, instituted this suit against the defendant, Joseph L. Tala mo, the maker and endorser thereof, endeavoring to recover the aggregate sum of $795.
Defendant answered and pleaded payment of the notes.
From a judgment in favor of defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The defendant is a dealer in secondhand automobiles. He sold the vehicles, to "various purchasers bn credit and, upon perfection of the sales thereof, he .would then apply to the plaintiff for a loan to finance the unpaid balance and, as security therefor, defendant gave plaintiff a promissory note or notes as the exigency of the occasion required.
■' In the course of these transactions seven or eight notes were made payable to the order of “myself” endorsed in blank and then issued by the defendant to the plaintiff ; however, only four notes are the subject of this litigation which are respectively dated and for the-amounts hereinafter set forth :
a. Note dated August 9, 1951 $349.09
b. Note dated October 10, 1951 175.00
c. Note dated February 2, 1952 100.00
d. Note dated February 23. 1952 180.00 $795.00
At the inception of the trial hereof plaintiff’s counsel called the defendant to the witness stand under cross-examination and, in the course of interrogation, the defendant admitted that he was the maker and endorser -of the foregoing notes. The notes were then offered in evidence. Counsel then placed plaintiff on the witness stand, who testified that he was the owner and holder in due course before maturity and for value of these notes which were past due and wholly unpaid. He then rested the plaintiff’s case. .
Harold Molaison, the plaintiff’s former attorney, appeared as a witness for the defendant and testified that he collected the sum of $565 from the defendant, deducted $50 therefrom as attorney’s fees and issued his check for $515, dated January 8, 1954, made payable to the order of “cash” and gave it to the plaintiff, who accepted it in full payment of all defendant’s notes, which were then in the possession of the plaintiff. Molaison explained that his check would normally have been drawn to the order of the plaintiff, but he refused to' accept a check wherein he was the named payee. Molaison finally stated that plaintiff and defendant handled their business “very loosely” and for that reason plaintiff did not return the notes after payment thereof nor did defendant insist upon either their cancellation or return.
Defendant testified that he and the plaintiff were experiencing financial differences and that as a result thereof he received a letter from Harold Molaison, who was *714 then plaintiffs attorney, in response to which he visited the attorney’s office and after some discussion relating to these differences he offered $565 in full payment of his indebtedness to the plaintiff. The plaintiff subsequently accepted this sum in full payment of these notes. He testified that the reason why he did not insist upon a cancellation or a return of these notes was because he was “raised” with the plaintiff and “trusted” him. He likewise asserted that the plaintiff was allergic to any check wherein he was the named payee and, therefore, whenever it was expedient the plaintiff insisted upon payment in cash.
Plaintiff, as we related hereinabove, insisted that he was the holder and owner in due course of the aforementioned notes which were past due and wholly unpaid.
Defendant, on the other hand, maintains that these notes were paid by virtue of the agreement made with plaintiff through the medium of his former attorney.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof resolved this question of fact in favor of the defendant as the following extract from the written reasons for his decision reveals:
“The court believes that the former attorney for the plaintiff did testify truthfully, and that the settlement made through him by the two parties was a settlement of all of the claims between them, and that, therefore, the notes herein sued upon have been paid and are no longer of valid effect.”
The question which this appeal has posed for our consideration is whether that finding is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by again indulging in a discussion of the foregoing testimony in order to re-emphasize the pertinent evidence which we believe rightfully influenced the result reached by the trial judge. He accepted the defendant’s proof of payment of the notes predicated principally on plaintiff’s former attorney’s testimony and our analysis of the record convinces us that the evidence preponderates in favor of defendant and the judgment is, therefore, correct.
We are constrained to notice that plaintiff’s present attorney has endeavored to castigate plaintiff’s former attorney for having testified in the lower court against the interest of the plaintiff. His present counsel insists that the former attorney in doing so disclosed a privileged communication which is, in itself, a sufficient reason for disturbing the judgment. We have microscopically examined the testimony of Harold Molaison and we fail to see wherein he violated the canons of Judicial Ethics or “divulged a privileged communication.” In substance he simply stated that as plaintiff’s attorney he had collected $565 from the defendant which the plaintiff subsequently accepted in full payment of defendant’s notes. This testimony does not appear to us to be in the nature of “divulging a privileged communication.” If an attorney-at-law were not permitted to disclose who was his client and what sums of money he had received and disbursed for his account, it would certainly give rise to the perpetration of fraud and injustice and that is exactly what may have occurred herein if the lower court had intervened, and refused to permit Molaison to testify.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.